United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10770-pmm |
| Jason T. Schmidt | Chapter 13 |
| Magdalena Zamirski | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 11, 2025 | Form ID: 3180W | Total Noticed: 16 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

+++     Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 13, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | Jason T. Schmidt, 2824 Macarro Way, Hellertown, PA 18055-3169 |
| jdb | +++ | Magdalena Zamirski, 2824 Macarro Way, Hellertown, PA 18055-3169 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: taxclaim@countyofberks.com | Jun 12 2025 00:13:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jun 12 2025 00:13:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14693538 | + | EDI: AISACG.COM | Jun 12 2025 04:12:00 | Capital One Auto Finance, a division of Capital On, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 14686343 | + | EDI: AIS.COM | Jun 12 2025 04:12:00 | Capital One Bank (USA), N.A., 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 14690097 | | Email/Text: BKCourtNotices@yourmortgageonline.com | Jun 12 2025 00:13:00 | Discover Bank, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047 |
| 14726925 | + | Email/Text: dsgrdg@ptdprolog.net | Jun 12 2025 00:13:00 | David S. Gellert, Esquire, David S. Gellert, P.C., 3506 Perkiomen Avenue, Reading, PA 19606-2711 |
| 14691279 | | EDI: Q3G.COM | Jun 12 2025 04:12:00 | Department Stores National Bank, c/o Quantum3 Group LLC, PO Box 657, Kirkland, WA 98083-0657 |
| 14693754 | | Email/PDF: resurgentbknotifications@resurgent.com | Jun 12 2025 00:24:53 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14850163 | | Email/Text: nsm_bk_notices@mrcooper.com | Jun 12 2025 00:13:00 | Nationstar Mortgage LLC, P.O. Box 619096, Dallas, TX 75261-9741 |
| 14686810 | | Email/Text: Bankruptcy.Notices@pnc.com | Jun 12 2025 00:13:00 | PNC Bank NA, Bankruptcy Department, PO BOX 94982, Cleveland, OH 44101 |
| 14696433 | | EDI: PRA.COM | Jun 12 2025 04:12:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk, VA 23541 |
| 14688410 | | EDI: Q3G.COM | Jun 12 2025 04:12:00 | Quantum3 Group LLC as agent for, Aqua Finance Inc, PO Box 788, Kirkland, WA 98083-0788 |
| 14688207 | | EDI: Q3G.COM | Jun 12 2025 04:12:00 | Quantum3 Group LLC as agent for, MOMA Trust LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 14686795 | | Email/PDF: BankruptcynoticesCCSBKOperations@wellsfargo.com | Jun 12 2025 00:26:06 | Wells Fargo Bank, N.A., Wells Fargo Card |

| District/off: 0313-4 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jun 11, 2025 | Form ID: 3180W | Total Noticed: 16 |

Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438

TOTAL: 14

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 13, 2025           Signature:      /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2025 at the address(es) listed below:

**Name** — **Email Address**

ANDREW L. SPIVACK
on behalf of Creditor Wells Fargo Bank  N.A. andrew.spivack@brockandscott.com, wbecf@brockandscott.com

DAVID S. GELLERT
on behalf of Joint Debtor Magdalena Zamirski dsgrdg@ptdprolog.net

DAVID S. GELLERT
on behalf of Debtor Jason T. Schmidt dsgrdg@ptdprolog.net

DENISE ELIZABETH CARLON
on behalf of Creditor Discover Bank bkgroup@kmllawgroup.com

KARINA VELTER
on behalf of Creditor Towd Point Mortgage Trust 2019-4  U.S. Bank National Association, as Indenture Trustee c/o Select Portfolio Servicing, Inc. karina.velter@powerskirn.com, bankruptcy@powerskirn.com

MARIO J. HANYON
on behalf of Creditor Discover Bank wbecf@brockandscott.com  mario.hanyon@brockandscott.com

MICHELLE L. MCGOWAN
on behalf of Creditor Nationstar Mortgage LLC mimcgowan@raslg.com

SARAH K. MCCAFFERY
on behalf of Creditor Towd Point Mortgage Trust 2019-4  U.S. Bank National Association, as Indenture Trustee c/o Select Portfolio Servicing, Inc. smccaffery@friedmanvartolo.com, ckohn@hoflawgroup.com

SCOTT F. WATERMAN [Chapter 13]
ECFMail@ReadingCh13.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Jason T. Schmidt<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–4622<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | Magdalena Zamirski<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–9111<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of Pennsylvania | | |
| Case number:   22–10770–pmm | | |

## Order of Discharge                                                                                                    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Jason T. Schmidt                                          Magdalena Zamirski


   6/10/25                                                       **By the court:** Patricia M. Mayer
                                                                                    United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

Form 3180W                                    **Chapter 13 Discharge**                                    page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**